IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Wilson de Jesus Rendon-Marin,            Case No. 3:06CV7021
                                                                        (3:93CR714)

            Petitioner,

v.                                                                    ORDER

United States of America,

            Respondent.

This is post-conviction case under 28 U.S.C. § 2255. Petitioner was convicted following a jury trial of two counts of possession with the intent to distribute cocaine. He was sentenced to life imprisonment on one count, and sixty months on the other, to be served concurrently.[1]

Petitioner filed a direct appeal. The Sixth Circuit affirmed the judgment. *U.S. v. Rendon-Marin*, 66 F.3d 327, 1995 WL 564231 (6th Cir. 1995) (unpublished disposition). His instant petition raises two claims: 1) unconstitutionality of the Federal Sentencing Guidelines in light of the *Booker* decision; and 2) ineffective assistance of counsel due to his attorney's failure to assert such unconstitutionality.

**Discussion**

In *U.S. v. Booker*, 543 U.S. 220 (2005), the Supreme Court held that mandatory application of the Sentencing Guidelines contravenes the Sixth Amendment. This decision was based on the Court's determination that the mandatory character of the Guidelines, when based on fact-finding

---

[1] Although petitioner's criminal history category was III, he had had two prior convictions of felony-level drug offenses. Under 21 U.S.C. § 841(b)(1)(A), the life term was mandatory.

by judges that the Court properly considered to be the province of the jury was not constitutional. The Court's response to this circumstance was to invalidate the mandatory nature of the Guidelines, thereby making them "advisory."

The Supreme Court has not held that *Booker* is retroactive to cases involving collateral review of sentences under § 2255. *See* 28 U.S.C. § 2255(6)(3). The Sixth Circuit has held expressly, however, held that *Booker* is not applicable to cases on collateral review. *Humphress v. U.S.*, 398 F.3d 855 (6th Cir. 2005)

Consequently, petitioner cannot obtain relief under *Booker*.

Petitioner seeks to avoid this result by citing *Dodd v. U.S.*, 125 S.Ct. 2478 (2005). In *Dodd* the Court resolved a conflict in the appellate courts regarding a limitations period applicable to second or successive § 2255 petitions. No relief is available to the petitioner under *Dodd* because, *inter alia*, this is first § 2255 petition.

Petitioner's effort to rely on *U.S. v. Shepard*, 544 U.S. 13 (2005), is no more availing. The decision in *Shepard* involved, the Armed Career Criminal Act (ACCA),18 U.S.C. § 924(e). Petitioner was not charged under ACCA, so the decision in *Shepard* has no bearing on his sentence.

Petitioner's second claim is that he received ineffective assistance because his lawyer failed to challenge my determination that his criminal history contained prior convictions for crimes of violence and serious drug trafficking.

This claim fails because: 1) nothing in *Booker* bars a judge from making that determination, *see Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000) ("*Other than the fact of a prior conviction*, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt.") (emphasis supplied); and 2) *Booker*

2

does not apply because petitioner's life sentence was imposed under 21 U.S.C. § 841(b)(1)(A), not the Sentencing Guidelines.

Thus, any challenge that petitioner's attorney might have asserted would not have been successful. Thus, he did not receive ineffective assistance of counsel.

### Conclusion

For the foregoing reasons, the petitioner is not entitled to relief. It is, accordingly

ORDERED THAT the petition for relief under 28 U.S.C. § 2255 be, and the same hereby is denied.

Further, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and there is no basis upon which to issue a certificate of appealability.

So ordered.

s/James G. Carr
James G. Carr
Chief Judge